JOSEPH A. MANDOUR, III (SBN 188896)
BEN T. LILA (SBN 246808)
MANDOUR & ASSOCIATES, APC
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone:  (858) 487-9300
Facsimile: (858) 487-9390
Email: jmandour@mandourlaw.com

Attorneys for plaintiff,
BUMBLE BEE FOODS, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUMBLE BEE FOODS, LLC, a Delaware Limited Liability Company, <br><br>　　　　Plaintiff, <br><br>　　　　v. <br><br>LAMONICA FINE FOODS, LLC, a New Jersey Limited Liability Company, <br><br>　　　　Defendant. | Civil Case No. '11CV1662 BTM POR <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT AND OTHER RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff BUMBLE BEE FOODS, LLC (hereinafter "plaintiff" or "BUMBLE BEE"), by and through its counsel, alleges against defendant LAMONICA FINE FOODS, LLC (hereinafter "defendant" or "LAMONICA") as follows:

### NATURE OF THE ACTION

This is an action for trademark infringement and unfair competition under the Lanham Trademark Act, 15 U.S.C. § 1051, *et seq.*, and related claims of unfair competition under the common law of the State of California.

**THE PARTIES**

1.     Plaintiff BUMBLE BEE FOODS, LLC is a limited liability company organized and existing under the laws of the state of Delaware with an address at 9655 Granite Ridge Drive, # 100, San Diego, CA 92123.

2.     On information and belief, defendant LAMONICA FINE FOODS, LLC is or purports to be a limited liability company organized and existing under the laws of the State of New Jersey with an address at 48 Gorton Road, Millville, NJ 08332.

**JURISDICTION AND VENUE**

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and/or pendent or ancillary jurisdiction for all related claims.

4.     This Court has personal jurisdiction over LAMONICA because, on information and belief, LAMONICA transacts business in the Southern District of California.  Further, on information and belief, the defendant systematically and continuously directs business activities toward and into the Southern District of California through advertisements, promotions, sales, and through a publicly accessible online website.

5.     Venue is proper and reasonable in this district under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events or omissions giving rise to this claim herein occurred in this district.

**FACTS**

6.     BUMBLE BEE is a seafood company founded in 1899.  It produces a number of well known seafood products including Bumble Bee Tuna and Bumble Bee Clams.  BUMBLE BEE, together with its affiliates, is the largest branded shelf-stable seafood company in North America.

7.     BUMBLE BEE'S products have been promoted and sold in numerous marketing venues and channels, including without limitation in groceries stores nationwide, retail stores, in magazines, on television, on the Internet and by diverse other means.

8.     BUMBLE BEE produces a number unique and distinctive packaging for its products, including without limitation its "Bumble Bee Chopped Clams" and "Bumble Bee

Minced Clams" packaging (the "Bumble Bee Trade Dress").  Exemplary photos of BUMBLE BEE'S packaging comprising the Bumble Bee Trade Dress are attached hereto as **Exhibit A**.

9. The Bumble Bee Trade Dress is a strong, fanciful, inherently distinctive and famous trademark and a source identifier for BUMBLE BEE.  The Bumble Bee Trade Dress is well known to consumers as being associated with BUMBLE BEE and the BUMBLE BEE® trademark and has developed secondary meaning.  The Bumble Bee Trade Dress is non-functional.

10. BUMBLE BEE has used the Bumble Bee Trade Dress continuously in interstate commerce at least as early as 2001.

11. Sometime after the Bumble Bee Trade Dress became well known and famous LAMONICA adopted a similar trade dress for its products under the name CAPE MAY ("LAMONICA'S Packaging").  Exemplary photos of LAMONICA'S Packaging adopting and copying the Bumble Bee Trade Dress are attached hereto as **Exhibit B**.

12. LAMONICA'S Packaging adopts an identical color scheme, layout and overall design as the Bumble Bee Trade Dress.

13. Specifically, LAMONICA'S Packaging contains the same overall yellow color scheme, blue bordering, red accents, red star shape and white font as the Bumble Bee Trade Dress.

14. Moreover LAMONICA'S Packaging is used for products identical to BUMBLE BEE'S, namely chopped clams and minced clams.  LAMONICA'S Packaging comprises the same essential size, shape and product description as the packaging employed by BUMBLE BEE.

15. LAMONICA'S Packaging is likely to cause confusion among consumers including but not limited to initial interest confusion.  LAMONICA'S Packaging is further likely to cause consumer confusion with BUMBLE BEE and the Bumble Bee Trade Dress.  Consumers are likely to be misled that LAMONICA'S products are licensed by, sponsored by or otherwise affiliated with BUMBLE BEE.

16. Both the Bumble Bee Trade Dress and LAMONICA'S Packaging appear in the

same types of stores, are marketed, distributed and sold in the same channels of commerce and are sold to nearly identical consumers.

17. On information and belief, LAMONICA was aware of the Bumble Bee Trade Dress and adopted its packaging to willfully cause consumer confusion in the marketplace with the Bumble Bee Trade Dress and trade off the considerable goodwill of BUMBLE BEE and BUMBLE BEE'S well known products.

## CLAIMS FOR RELIEF

### First Claim for Relief

**(False Designation of Origin and Trademark Infringement under the Lanham Act)**

18. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 17 of the Complaint as though fully set forth herein.

19. Defendant's unauthorized use of the Bumble Bee Trade Dress causes a likelihood of confusion among consumers and falsely indicates to consumers that defendant's goods and services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with plaintiff or plaintiff's goods and services.

20. Defendant's unauthorized use of the Bumble Bee Trade Dress as described herein is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of defendant with plaintiff. On information and belief, defendant either intentionally induced, caused, or materially contributed to others infringing the Bumble Bee Trade Dress or continued to produce or distribute a product knowing or having reason to know the product infringed plaintiff's Bumble Bee Trade Dress. Further on information and belief, defendant had the right, authority, and ability to control others infringing Bumble Bee Trade Dress and received a financial benefit of the infringement.

21. Defendant's actions, as set forth herein, constitute false designation of origin and trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125, and are deliberate, willful infringement, egregious in nature with blatant and callous disregard for the rights of plaintiff.

### Second Claim for Relief

### (Unfair Competition Under the Lanham Act)

22. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 21 of the Complaint as though fully set forth herein.

23. Defendant's unauthorized use of the Bumble Bee Trade Dress misleads consumers into believing that they are purchasing products authorized by plaintiff, when in fact they are not. If consumers were aware that defendant's products were not in fact authorized by plaintiff, the consumers would not have likely purchased defendant's products. Plaintiff is harmed by this unauthorized diversion of sales, as there is a likelihood of confusion.

24. The Bumble Bee Trade Dress is inherently distinctive and/or has acquired secondary meaning. Defendant's use of the Bumble Bee Trade Dress in commercial advertising is deceptive, misleading, a false designation, and has a tendency to deceive a substantial portion of the intended audience, and is material in that it is likely to influence purchasing decisions, given the fact that advertising travels in interstate commerce.

25. Defendant's actions, as set forth herein, constitute unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125, all to the damage of plaintiff as previously alleged.

### Third Claim for Relief

### (Unfair Competition – California Business and Professions Code)

26. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 25 of the Complaint as though fully set forth herein.

27. Defendant's acts, as set forth herein, constitute unfair competition under California Business and Professions Code § 17200, *et seq*., all to the damage of plaintiff as previously alleged.

### Fourth Claim for Relief

### (Trademark Infringement and Unfair Competition - California Common Law)

28. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 27 of the Complaint as though fully set forth herein.

1      29.     Defendant's acts, as set forth herein, constitute trademark infringement and unfair competition under the common law of the State of California, all to the damage of plaintiff as previously alleged.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff asks that the court grant judgment for plaintiff and against defendant for the following:

A.     Defendant, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained, and preliminarily and permanently enjoined from their continuing wrongful acts, including but not limited to the following:

   i.     Using the Bumble Bee Trade Dress or any other confusingly similar designation, in connection with any products.

   ii.    Competing unfairly with plaintiff in any manner, including unlawfully adopting or infringing on the Bumble Bee Trade Dress or adopting or using any other marks or designations that are confusingly similar to the Bumble Bee Trade Dress.

   iii.   Conspiring with, aiding, assisting, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) and (ii) above.

B.     Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that depict or reference the Bumble Bee Trade Dress or any other confusingly or substantially similar trademark, and any materials or articles used for making or reproducing the same, as provided by 15 U.S.C. § 1118.

C.     Defendant file with the court and serve on plaintiff, within 30 days after the entry and service on defendant of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which defendant has complied

1  with the provisions of subparagraphs (A) and (B) above.

2      D.    Plaintiff recover all damages it has sustained as a result of defendant's
3  acts and omissions.

4      E.    An accounting be directed to determine defendant's profits resulting from
5  their acts and omissions, and that the profits be paid over to plaintiff, increased as the court
6  determines is appropriate to the circumstances of this case.

7      F.    The Court declare this case an exceptional case and award plaintiff its
8  reasonable attorneys' fees for prosecuting this action.

9      G.    Plaintiff be awarded statutory damages to the full extent allowed by law.

10     H.    Plaintiff be awarded enhanced damages to the full extent allowed by law.

11     I.    Plaintiff be awarded punitive damages pursuant to California common
12 law, Business and Professions Code § 14250, or any other relevant statute.

13     J.    Plaintiff receive all other relief the court deems appropriate.

14     K.    Plaintiff recover its costs of this action and pre-judgment and post-
15 judgment interest to the full extent allowed by law.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by the jury on its claims herein and all issues and claims so triable in this action.

Respectfully submitted,

Dated: July 27, 2011    MANDOUR & ASSOCIATES, APC

      s/Ben T. Lila
Ben T. Lila (SBN 246808)
blila@mandourlaw.com
Attorneys for plaintiff,
BUMBLE BEE FOODS, LLC

✎JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BUMBLE BEE FOODS, LLC, a Deleware Limited Liability Company

**DEFENDANTS**
LAMONICA FINE FOODS, LLC, a New Jersey Limited Liability Company

**(b)** County of Residence of First Listed Plaintiff  San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Cumberland County, NJ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
MANDOUR & ASSOCIATES, APC, 16870 W. Bernardo Drive, Suite 400, San Diego, CA 92127, (858) 487-9300

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1051, et seq.
Brief description of cause:
Trademark Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  07/21/2011

SIGNATURE OF ATTORNEY OF RECORD  s/Ben T. Lila

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____